IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No. 09-287E |
| ) | |
| UL ENTERPRISES, LLC, STNA, INC., ) | |
| and STEVE LARSON, ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## OPINION

Pending before the Court is "Plaintiff's Motion to Dismiss Defendant Steve Larson's Counterclaim" ("Motion to Dismiss") against Plaintiff Lance Thornton ("Thornton") [Doc. #20]. With this motion, Thornton moves for this Court to dismiss the counterclaim for slander/libel Larson has brought against Thornton on the basis that the counterclaim fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), and to strike from Larson's counterclaim Larson's prayer for attorneys fees.

On January 13, 2010, Larson was ordered by this Court to file a response to Thornton's Motion to Dismiss by February 3, 2010. He did not do so. For the reasons set forth below, Plaintiff's Motion to Dismiss is granted as to Larson's slander/libel counterclaim against Plaintiff, and said claim is dismissed. Said dismissal, however, will be without prejudice for Larson to replead his slander/libel counterclaim against Thorton in an Amended Answer and Counterclaim within fourteen (14) days of the date of the Order accompanying this Opinion. Additionally, for the reasons set forth below, Plaintiff's motion to dismiss Larson's request for attorney fees is denied as moot.

I.   **Standard of Review.**

A complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if it does not allege sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965).

Under this standard, factual allegations of a complaint "must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

II.   **Factual Allegations.**

With respect to his counterclaim against Thornton for slander/libel, Larson alleges that in November and December, 2009, after Thornton was terminated from employment with co-Defendant STNA, Inc. ("STNA"), Thornton contacted: (1) several persons connected with Valvoline, the primary customer of STNA; (2) investors, shareholders, and other persons connected with STNA; and (3) NASCAR, a past licensor for STNA. Larson's Answer to First Amended Complaint and Counterclaims, ¶ 79-81. When Thornton contacted several persons connected with Valvoline, Thornton made disparaging statements about Larson. Id. at ¶ 79. When Thornton contacted the investors, shareholders, and other persons connected with STNA and NASCAR, Thornton made false statements and disparaged Larson. Id. at ¶¶ 80-81. The

statements made by Thornton to the above listed entities and individuals were not privileged, were published to third parties, were false, and placed Larson in a false light. Id. at ¶¶ 82-85. As a result of Thornton making these statements, Larson has been damaged. Id. at ¶ 86. Thornton's actions in making these statements were willful and wanton and showed a reckless disregard for the reputation and property interests of Larson. Id. at ¶ 87. Larson seeks judgment in his favor on the counterclaim plus attorney's fees and costs, exemplary damages and other relief as it just. Id. at Wherefore clause.

### III. Legal Analysis.

In support of his motion to dismiss Larson's slander/libel claim against him for failure to state a claim upon which relief can be granted, Thorton first contends that Larson's slander/libel claim must be dismissed because it violates Fed.R.Civ.P. 8(a)(2): "[t]he minimum pleading standard for slander requires that a party identify the slanderous statements made and who made them," "Larson's counterclaim does not provide any detail as to Thornton's alleged defamatory statements," and "[a]s a result, Larson has not provided Thornton with fair notice of the basis for his counterclaim." Plaintiff's Brief in Support of Motion to Dismiss Defendant Steve Larson's Counterclaim ("Plaintiff's Supporting Brief"), pp. 5-6.

"Federal courts sitting in diversity apply the substantive law of the states in which they sit." Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). Since this Court sits in Pennsylvania, Larson's slander/libel counterclaim against Thornton is governed by Pennsylvania law. 42 Pa.C.S.A. § 8343(a) states:

In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

3

(2) Its publication by the defendant.
(3) Its application to the plaintiff.
(4) The understanding by the recipient of its defamatory meaning.
(5) The understanding by the recipient of it as intended to be applied to the plaintiff.
(6) Special harm resulting to the plaintiff from its publication.
(7) Abuse of a conditionally privileged occasion.

Id. As explained by the district court in Hudak v. Times Pub. Co. Inc., 534 F.Supp.2d 546 (W.D. Pa. 2008) (McLaughlin, J.):

> Initially, it is the Plaintiff's burden of establishing that the challenged statement is capable of defamatory meaning. To prove defamation, the plaintiff must show that the challenged statement "tends so to harm [his reputation] as to lower him in the estimation of the community or to deter third parties from associating or dealing with him." Blackwell v. Eskin, 916 A.2d 1123, 1125 (Pa.Super.2007) (quoting Tucker v. Philadelphia Daily News, 577 Pa. 598, 848 A.2d 113, 124 (2004)). A communication is also defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession. Maier v. Maretti, 448 Pa.Super. 276, 671 A.2d 701, 704 (1995), appeal denied, 548 Pa. 637, 694 A.2d 622 (1996). Whether the challenged statements are capable of defamatory meaning is a question of law to be decided by the court. Id. (citing Tucker, supra, at 123).
>
> "In determining whether a communication is defamatory, the court must view the statement 'in context' with an eye toward 'the effect the [statement] is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate.'" Remick v. Manfredy, 238 F.3d 248, 261 (3d Cir.2001) (quoting Baker v. Lafayette College, 516 Pa. 291, 532 A.2d 399, 402 (1987)) (alteration in the original). Publications which serve merely to annoy or embarrass the subject are not sufficient to establish a claim for defamation. Blackwell, 916 A.2d at 1125 (quoting Tucker, supra ); Maier, 671 A.2d at 704.

Id. at 558-559. Additionally, while federal pleading standards do not require any heightened pleading standard for Larson's counterclaim, the counterclaim must be sufficient to give fair notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957).

4

Applying the above-stated law to the allegations contained in Larson's counterclaim for slander/libel, Larson does not sufficiently plead the defamatory character of the communications allegedly made by Thorton to several persons connected with Valvoline, investors, shareholders, and other persons connected with STNA, and NASCAR about Larson. Rather, Thorton states only that the statements made were "disparaging statements about Larson" and were "false statements and disparaged Larson." Id. Accordingly, Thorton's motion to dismiss Larson's counterclaim for slander/libel for failure to state a claim upon which relief can be granted is granted. Said dismissal, however, is without prejudice for Larson to replead his counterclaim against Thorton in an Amended Answer and Counterclaim within fourteen (14) days of the date of the Order accompanying this Opinion.

Additionally, Thornton contends that Larson's counterclaim must be dismissed for failure to state a claim upon which relief can be granted because Larson's claim for slander/libel violated Fed.R.Civ.P. 9(g) in that Larson has failed to specifically plead that he suffered any special harm, a necessary element for a claim of defamation under Pennsylvania law. Plaintiff's Supporting Brief, p. 7. "In the present case, Larson has failed to plead special harm. His counterclaim is devoid of allegations respecting any pecuniary loss suffered by him because of Thornton's alleged slanderous activity. Instead Larson generally pleads that 'as a direct result of Thornton's actions and statements, [Larson] was damaged'. Such general allegations of damages do not comply with FED.R.CIV.P. 9(g)." Id. at pp. 7-8 (citation omitted).

Given our decision to grant Thornton's motion to dismiss the slander/libel counterclaim for failure to sufficiently plead the defamatory character of the communications allegedly made by Thornton to the enumerated third parties about Larson, there is no need to substantively address this argument and therefore, we elect not to do so. See generally Pro Golf Mfg., Inc. v.

Tribune Review Newspaper Co., 570 Pa. 242, 248, 809 A.2d 243, 247 (2002) (explaining that under Pennsylvania law, "a plaintiff alleging slander must also prove special damages unless the statement is slander 'per se'."); Manno v. American General Finance Co., 439 F.Supp.2d 418, 434 (E.D. Pa. 2006) (explaining "[w]hile a plaintiff alleging slander must ordinarily show 'special harm,' 'a plaintiff in libel ... need not prove special damages or harm in order to recover; he may recover for any injury done his reputation and for any other injury of which the libel is the legal cause'.") (citations and footnotes omitted.)

Thornton also contends that if this Court either upholds Larson's counterclaim or permits Larson to amend his counterclaim, that it should prohibit Larson from requesting attorneys fees. Plaintiff's Supporting Brief, p. 3. More specifically, Thorton argues that: (1) Pennsylvania follows the American rule of damages "which provides that a successful litigant cannot recover its attorney fees against a non-successful litigant in the absence of a private agreement or a contrary statutory provision; (2) there are no allegations of a private agreement between Thornton and Larson or of any statutory provision that allows for the recovery of attorney fees in this case; and (3) therefore, as a matter of law Larson is not entitled to recover attorney fees in this case. Id. at p. 9.

Given our decision to grant Thornton's motion to dismiss the slander/libel counterclaim, Thornton's request to strike Larson's prayer for attorney fees is denied as moot. See generally Trizechahn Gateway LLC v. Titus, --- Pa. ----, 976 A.2d 474, 482-83 (2009) (explaining "[u]nder the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.").

6

**IV. Conclusion.**

"Plaintiff's Motion to Dismiss Defendant Steve Larson's Counterclaim" is granted in part and denied in part as moot. More specifically, Thornton's motion to dismiss is granted as to Larson's slander/libel counterclaim and said counterclaim is dismissed. Said dismissal, however, is without prejudice for Larson to replead his slander/libel counterclaim against Thornton in an Amended Answer and Counterclaim within fourteen (14) days of the date of the Order accompanying this Opinion. Thornton's motion to dismiss is denied as moot with respect to his request that Larson's prayer for attorney fees be stricken. An appropriate Order will follow.

February 4, 2010

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge