IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE THORNTON,                    )
                                   )
         Plaintiff                 )
                                   )
    v.                             )        Case No.  09-287E
                                   )
UL ENTERPRISES, LLC, et al.        )
                                   )
         Defendants                )
                                   )

## MEMORANDUM OPINION

Pending before the Court is "Plaintiff's Motion Pursuant to Rule 12(b)(6) and 12(f) to

STNA, Inc's Amended Counterclaims" ("Motion to Dismiss and Strike") [Doc. #34].  Within

this motion, Plaintiff Lance Thornton ("Thornton") moves for this Court: (1) to dismiss Count III

of the counterclaims brought against him by Defendant STNA, Inc. ("STNA") pursuant to

Fed.R.Civ.P. 12(b)(6) to the extent Count III alleges a tortious interference with contract claim;

and (2) to strike paragraphs 13, 23, 24, 28, and 29 from Count III of STNA's amended

counterclaims pursuant to Fed.R.Civ.P. 12(f).  For the reasons set forth below, Plaintiff's Motion

to Dismiss is granted and his Motion to Strike is granted as to paragraphs 23 and 24 of STNA's

amended counterclaims and otherwise denied.  Said denial, however, is without prejudice for

Plaintiff to renew his challenges to Defendant STNA's counterclaim for defamation once

discovery is complete and the record more fully developed.

### A. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6).

A complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure if it does not allege sufficient facts to state a claim for relief that is plausible on its

face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965).

Under this standard, factual allegations of a complaint "must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

Plaintiff first argues that we should dismiss with prejudice STNA's Amended Counterclaim for tortious interference with contract because the Amended Counterclaim fails to allege an actual breach or non-performance of a contractual relationship with a third party. "Federal courts sitting in diversity apply the substantive law of the states in which they sit." Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). Since this Court sits in Pennsylvania, STNA's counterclaim against Plaintiff for tortious interference with contractual relations is governed by Pennsylvania law. In Pennsylvania, the elements of a tortious interference with contract claim are: "(1) the existence of a contractual relationship between the plaintiff and a third party; (2) purposeful action on the part of the defendant intended to harm the relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) actual damages resulting from the defendant's conduct." Stoeckinger v. Presidential Financial Corp. of Delaware County, 948 A.2d 828, 834 (Pa. Super. 2008) (citing Hillis Adjustment Agency, Inc. v. Graham

2

Co., 911 A.2d 1008, 1012 (Pa.Super.2006)).

In response to Plaintiff's motion to dismiss, Defendant STNA "acknowledges that no party has yet to breach any contract with defendant STNA as a result of the plaintiff's campaign of defamation against STNA and defendant Larson. However, Count III states primarily a counterclaim for defamation, which is adequately pled." Defendant STNA Inc.'s Opposition to Plaintiff's Motion to Dismiss Count III of the Amended Counterclaims of STNA, Inc. And Opposition to Plaintiff's Motion to Strike ("STNA's Opposition Brief"), p. 1.

Given Defendant STNA's admission, we find that there has not been any "actual damages resulting from the defendant's conduct," and therefore, STNA has failed to state a claim for tortious interference with contract upon which relief can be granted. Plaintiff's motion to dismiss Count III of STNA's counterclaims to the extent it alleges a tortious interference with contract claim is granted and said claim is dismissed with prejudice.

### B. Motion to Strike Pursuant to Fed.R.Civ.P. 12(f).

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. As recently explained by the district court in Adams v. County of Erie, Pa, 2009 WL 4016636 (W.D. Pa. Nov. 19, 2009) (McLaughlin, J.):

> Federal Rule of Civil Procedure 12(f) permits the court, on its own motion, or on the timely motion of a party, to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f)."The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Natale v. Winthrop Resources Corp., Civil Action No. 07-4686, 2008 WL 2758238 at *14 (E.D.Pa. July 9, 2008) (quoting McInerney v. Moyer Lumber and Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa.2002). While "[a] court possesses considerable discretion in disposing of a motion to strike under Rule

3

12(f)," such motions are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Id. (quoting River Road Devel. Corp. v. Carlson Corp., Civ. A. No. 89-7037,1990 WL 69085, at *2 (E.D.Pa. May 23, 1990). Striking some or all of a pleading is therefore considered a "drastic remedy to be resorted to only when required for the purposes of justice." Id. (quoting DeLa Cruz v. Piccari Press, 521 F.Supp.2d 424, 428 (E.D.Pa.2007) (quotations omitted).

Id. at *1. We will address in turn each paragraph being attacked, all of which are relevant to Defendant STNA's counterclaim against Plaintiff for defamation.

With respect to paragraph 13 of Defendant STNA's counterclaims, Plaintiff argues that this Court should strike Paragraph 13 of STNA's amended counterclaim "because STNA fails to both specifically plead the alleged defamatory statements made by Thornton and to specifically plead special damages." Plaintiff's Supporting Brief, pp. 10-11. Paragraph 13 alleges: "Unknown to Defendant Larson, starting in about April of 2009 Thornton waged an unsuccessful campaign to convince the majority owners of STNA to oust Larson as president of STNA. The campaign was based on defamatory statements, falsehoods and misrepresentations."

Plaintiff's legal arguments with respect to paragraph 13 are more in line with the type of arguments raised with respect to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and not a motion to strike pursuant to Fed.R.Civ.P. 12(f). "Rule 12(f) motions often will not be granted where the challenged allegations depend on disputed issues of fact, due to the 'practical difficulty of deciding cases without a factual record'. Even if facts are not in dispute, courts should not use a Rule 12(f) motion to 'determine disputed and substantial questions of law'." Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc., 629 F.Supp.2d 416, 425 (D.N.J. 2009) (citations and quotations omitted). Reviewing paragraph 13 in light of Fed.R.Civ.P. 12(f), however, we find that with

4

Case 1:09-cv-00287-MBC   Document 50   Filed 03/16/10   Page 5 of 6

respect to STNA, the allegations contained in paragraph 13 are immaterial to STNA's

counterclaim against Plaintiff for defamation, referencing only Thornton's conduct with respect

to Defendant Larson. Accordingly, Plaintiff's Motion to Strike paragraph 13 of Larson's

amended counterclaim for defamation is granted.

      With respect to paragraphs 23, 24, 28, and 29 of STNA's counterclaim, Plaintiff argues

that these paragraphs must be stricken because any allegedly defamatory statements contained in

paragraphs 23 and 28 cannot be read to be defamatory statements made by Plaintiff with respect

to STNA, and paragraphs 24 and 29 "relate to and are dependent on Paragraphs 23 and 28."

Plaintiff's Supporting Brief, pp. 12-13

      Paragraph 23 alleges:

> [i]n November and December of 2009, after being terminated from employment
> with STNA, Thornton contacted investors, shareholders, and other persons
> connected with STNA. Thornton made false statements and disparaged Larson
> and STNA. In an email dated November 17, 2009 and sent to two investors and
> two employees of Scan Top Enterprises, the primary supplier for STNA, Thornton
> stated:
>
> > "There are former partners of Steves that will Testify in front of the court
> > that Steve does mislead partners and not tell the truth about obligations he
> > committed to the company including you (e.g. ULE)."

      See Exhibit 3 attached.

STNA's Amended Counterclaim at ¶ 23. Paragraph 24 alleges: "[t]his statement other

statements contained in the e-mail were false and have damaged the reputation of STNA with the

investors and with others who received the email." Id. at ¶ 24. Paragraph 28 alleges:

> In an email sent to employees of Scan Top Enterprises several months before he
> was terminated from employment with STNA Thornton stated:

> "Since the forming of STNA it looks as if Steve used the money from the
> formation of STNA to pay off personal debts (former partners, and current
> partners). CAP hasn't been paid not has any other major creditor.

See Exhibit 5 attached.

Id. at ¶ 28. Paragraph 29 alleges: "[t]he statement about STNA not paying creditors was false
and damaged STNA's reputation with these employees of Scan Top Enterprises." Id. at ¶ 29.

Contrary to Plaintiff's argument, we find that the allegations made in paragraphs 28 and
29 can be read to have been made with respect to Defendant STNA and are not "redundant,
immaterial, impertinent, or scandalous matter" that can be stricken pursuant to Fed.R.Civ.P.12(f).
To the contrary, we find that paragraphs 23 and 24 of STNA's Amended Counterclaims do not
contain allegations that related to STNA. As such, we find that the allegations contained in
paragraphs 23 and 24 of the Amended Counterclaim should be stricken on the basis that these
paragraphs contain allegations that are immaterial to STNA's counterclaim against Plaintiff for
defamation.

Plaintiff's Motion to Strike is granted as to paragraphs 13, 23 and 24 of Defendant
STNA's amended counterclaim for defamation and is denied without prejudice as to paragraphs
28 and 29 of Defendant STNA's amended counterclaim for defamation.

**C. Conclusion.**

An appropriate Order shall follow.

March 16, 2010

Maurice B. Cohill, Jr.
Senior District Court Judge

6