IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE THORNTON,                    )
                                   )
        Plaintiff                  )
                                   )
    v.                             )        Case No. 09-287E
                                   )
UL ENTERPRISES, LLC, et al.        )
                                   )
        Defendants                 )
                                   )

## MEMORANDUM ORDER

Pending before the Court is "Plaintiff's Motion to Strike Defendant Steve Larson's

Amended Counterclaim" [Doc. #35]. Specifically, Plaintiff moves to strike seven (7) paragraphs

from Defendant Larson's Amended Counterclaim: paragraphs 3, 7, 8, 11, 12, 21, and 22.

Plaintiff's Motion to Strike, ¶ 4. The bases for the motion is as follows: "[with respect to

paragraph 3 Defendant Larson] fails to plead special damages and to specifically state the

defamatory statement(s) allegedly made by Thornton. Furthermore, this Court should strike

Paragraphs 7, 8, 11, 12, 21, and 22, because they are legally incapable of defamatory meaning."

Plaintiff's Brief in Support of Motion to Strike Defendant Steve Larson's Amended

Counterclaim ("Plaintiff's Supporting Brief"), p. 4. For the reasons set forth below, Plaintiff's

Motion to Strike is denied.  Said denial, however, is without prejudice for Plaintiff to renew his

challenges to Defendant Larson's defamation counterclaim once discovery is complete and the

record more fully developed.

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." Id. As recently

explained by the district court in Adams v. County of Erie, Pa, 2009 WL 4016636 (W.D. Pa.

Nov. 19, 2009) (McLaughlin, J.):

> Federal Rule of Civil Procedure 12(f) permits the court, on its own motion, or on
> the timely motion of a party, to "order stricken from any pleading any insufficient
> defense or any redundant, immaterial, impertinent or scandalous matter."
> Fed.R.Civ.P. 12(f)."The purpose of a motion to strike is to clean up the pleadings,
> streamline litigation, and avoid unnecessary forays into immaterial matters."
> Natale v. Winthrop Resources Corp., Civil Action No. 07-4686, 2008 WL
> 2758238 at *14 (E.D.Pa. July 9, 2008) (quoting McInerney v. Moyer Lumber and
> Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa.2002). While "[a] court
> possesses considerable discretion in disposing of a motion to strike under Rule
> 12(f)," such motions are "not favored and usually will be denied unless the
> allegations have no possible relation to the controversy and may cause prejudice
> to one of the parties, or if the allegations confuse the issues in the case." Id.
> (quoting River Road Devel. Corp. v. Carlson Corp., Civ. A. No. 89-7037,1990
> WL 69085, at *2 (E.D.Pa. May 23, 1990). Striking some or all of a pleading is
> therefore considered a "drastic remedy to be resorted to only when required for the
> purposes of justice." Id. (quoting DeLa Cruz v. Piccari Press, 521 F.Supp.2d 424,
> 428 (E.D.Pa.2007) (quotations omitted).

Id. at *1. We will address each paragraph of the counterclaim being attacked in turn.

With respect to paragraph 3 of Defendant Larson's defamation counterclaim, Plaintiff

first argues that "this Honorable Court should strike Paragraph 3, because Larson fails to both

specifically plead the alleged defamatory statements made by Thornton and to specifically plead

special damages." Plaintiff's Supporting Brief, p. 7. Paragraph 3 of Defendant Larson's

Amended Counterclaim states: "Unknown to Defendant Larson, starting in about April 2009

Thornton waged an unsuccessful campaign to convince the majority owners of STNA to oust

Larson as president of STNA. The campaign was based on defamatory statements, falsehoods

and misrepresentations." Amended Defamation Counterclaim, ¶ 3.

Plaintiff's legal arguments with respect to paragraph 3 are more in line with arguments

typically made with respect to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and not a

2

motion to strike pursuant to Fed.R.Civ.P. 12(f). See Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc., 629 F.Supp.2d 416, 425 (D.N.J. 2009) ("Rule 12(f) motions often will not be granted where the challenged allegations depend on disputed issues of fact, due to the 'practical difficulty of deciding cases without a factual record'. Even if facts are not in dispute, courts should not use a Rule 12(f) motion to 'determine disputed and substantial questions of law'.") (citations and quotations omitted). Moreover, we agree with Defendant Larson's contention that not every paragraph in a claim must state every element of said claim.

Reviewing paragraph 3 of the amended counterclaim for defamation in light of Fed.R.Civ.P. 12(f), we find that nothing in paragraph 3 is "redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). Accordingly, Plaintiff's Motion to Strike paragraph 3 of Larson's amended counterclaim for defamation is denied.

With respect to paragraphs 7, 8, 21, and 22 of Larson's amended counterclaim for defamation, Plaintiff argues that these paragraphs must be stricken because none of the allegedly defamatory statements contained in the paragraphs can be read to be defamatory statements made by Plaintiff with respect to Defendant Larson. Plaintiff's Supporting Brief, pp. 8-9. "As in paragraph 7, there is not a single reference to Larson anywhere in Paragraph 21. Therefore, it is respectfully submitted that this Honorable Court strike Paragraphs 7 and 21 together with Paragraphs 8 and 22 which respectively relate to and are dependent upon Paragraphs [7] and [21]." Id. at p. 10.

Paragraph 7 alleges:

After being terminated from employment with STNA, Thornton contacted several persons connected with Valvoline, the primary customer of STNA and made disparaging statements about Larson. In an email dated November 30, 2009 and

3

sent to at least six commercial area managers for Valvoline Thornton stated:

> ". . . since we are in a very large law suit resulting from STNA's
> non-payment of my wages and a loan I co-signed for UL
> Enterprises in the amount of $196,000 that UL defaulted on for
> Valvoline wiper blades last spring."

and

> "Steve Larson was giving them the run around each time they
> called.

See Exhibit 1 attached.

Amended Defamation Counterclaim, ¶ 7. Paragraph 8 alleges: "[t]he above statements were false

and have damaged Larson's reputation with the Valvoline commercial area managers." Id. at ¶8.

Paragraph 21 alleges:

> In the same email Thornton stated:
>
>> The legal term you need to research is "piercing the corporate veil"
>> (http://en.wikipedia.org/wiki/Piercing_the_corporate_veil).  This
>> legal term is used to go after the new corporation (STNA) and its
>> shareholders because the new corporation was formed to hide
>> former debts.  It is also used to describe what seems to be going on
>> at STNA.

See Exhibit 5 Attached.

Id. at ¶ 21. Paragraph 22 alleges: "This statement and the implication that the formation of STNA

by Larson was done to evade creditors was false and damaged Larson's reputation with this

employee of Scan Top Enterprises." Id. at ¶ 22.

Contrary to Plaintiff's argument, we find that the allegations made in paragraphs 7, 8, 21,

and 22, when read in the context of the defamation counterclaim as a whole, can be read to have

been made with respect to Defendant Larson. Moreover, examining the contents of these

paragraphs in light of Fed.R.Civ.P. 12(f), we find that nothing in these paragraphs is "redundant,

4

immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f).  Accordingly, Plaintiff's

Motion to Strike paragraphs 7, 8, 21, and 22 of Larson's Amended Defamation Counterclaim is

denied.

      Finally, with respect to paragraphs 11 and 12 of the defamation counterclaim, Plaintiff

contends that these paragraphs must be stricken because they are not capable of a defamatory

meaning as a matter of law. Plaintiff's Supporting Brief, pp. 10-16. Paragraph 11 alleges:

> In the same mail Thornton stated:
>
> "On Monday morning around 9:00am we filed the law suit (see attached) in US
> Federal Court under the Wage and Hour laws of PA and Breach of Contract for
> the stock ownership.  That same afternoon Steve came in my office and dismissed
> me from employment hours after the law suit was filed.  I have attached a copy of
> the law suit as it was filed for your review since the story Steve is sharing with
> others is completely different from the truth.
>
> See Exhibit 2 attached.

Id. at ¶ 11. Paragraph 12 alleges: "[t]his implication that Thornton was terminated as a result of

this suit is false as Larson was unaware of the suit and came to Pennsylvania to terminate

Thornton and while there was served with the petition and summons.  The statement regarding

retaliation was false and has damaged Larson's reputation with this independent representative."

Id. at ¶ 12.

      Reviewing the allegations contained in Paragraphs 11 and 12 in light of Fed.R.Civ.P.

12(f), there is nothing in these paragraphs that is "redundant, immaterial, impertinent or

scandalous matter." Fed.R.Civ.P. 12(f).  Accordingly, Plaintiff's Motion to Strike paragraphs 11

and 12 of Larson's Amended Defamation Counterclaim is denied.

AND NOW, this 16th day of March, 2010, it is hereby ORDERED, ADJUDGED, AND

DECREED that "Plaintiff's Motion to Strike Defendant Steve Larson's Amended Counterclaim"

[Doc. #35] is DENIED without prejudice for Plaintiff to renew his challenges to Defendant

Larson's defamation counterclaim once discovery is complete and the record more fully

developed.

Maurice B. Cohill, Jr.
Senior District Court Judge