IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE THORNTON, )
)
   Plaintiff/Counter Defendant )
)
v. ) Case No. 09-287E
)
UL ENTERPRISES, LLC, STNA, INC., )
and STEVE LARSON, )
)
   Defendants/Counter Claimants )
)

## OPINION AND ORDER

Pending before the Court is Plaintiff/Counter Defendant Lance Thornton's "Motion to Compel" [Doc. #81]. In this motion, Thornton explains that Defendant/Counter Claimant Steve Larson has "objected to interrogatories 10 and 11 and request for production 7, 8, and 13," and asks this Court to compel Mr. Larson's response to these interrogatories and request for production because the information sought is relevant to "Plaintiff's claims, defendant's answer, and more importantly, defendant's counterclaim [for defamation]." Motion, ¶¶ 9 and 16. Thornton also asks the Court to order Mr. Larson "to pay Plaintiff's reasonable litigation costs and attorney fees incurred in bringing this Motion, as provided by F.R.C.P. 37(a)(5)(A)." Id. at ¶ 26. For the reasons set forth below, Plaintiff/Counter Defendant Lance Thornton's Motion to Compel is denied.

I.  **Answers and documents sought by motion to compel.**

Interrogatory 10 provided:

State all the compensation you have received by year, from STNA, Inc., including:
Salary, including any deferments;
Commissions; and
Bonuses, if any.

Plaintiff's Brief in Support of Motion, p. 3. Interrogatory 11 provided:

State all the compensation you have received by year, from UL Enterprises, LLC , including:
Salary, including any deferments;
Commissions; and
Bonuses, if any.

Id. Request for production 7 provided: "[f]or the period of time commencing on January 1, 2008 through the present, produce your paystubs from UL Enterprises LLC." Id. at p. 4. Request for production 8 provided: "[f]or the period of time commencing on January 1, 2008 through the present, produce your paystubs from STNA." Id. Request for production 13 provided: "[p]roduce your tax returns for the years 2006 through 2009." Id. at p. 5.

II.  **Legal Analysis.**

In support of his motion, Thornton argues that by filing a counterclaim for defamation, Defendant Larson has put his income at issue. "Here, Larson put his income at issue when he filed his counterclaim for defamation. A cause of action in defamation requires a showing of actual pecuniary harm, i.e. money damages." Plaintiff's Brief in Support of Motion to Compel Discovery Against Defendant Steve Larson ("Plaintiff's Supporting Brief"), p. 9. See also Id. at p. 10 ("The only judgment he

2

can receive, is compensation for any financial harm he suffered. Therefore, Larson's income tax returns, which are relevant to whether he has suffered any harm to his income, are discoverable.").

In response, Defendant Larson first contends that a review of his counterclaim shows that he has not asserted any claim for financial or income loss: "[t]hus, contrary to Plaintiff's erroneous assertions, Larson has not put his income at issue" and "Plaintiff's motion to compel should be denied because Larson's personal financial information and records are not relevant." Brief of Defendant, Steve Larson, In Opposition to Motion to Compel ("Defendant Larson's Opposition Brief"), pp. 4-5. Larson further argues that because his lawsuit is one for libel, that he need not prove special damages. Id. at p. 5.

A review of Defendant Larson's Amended Answer and Counterclaims, which contains his "Defamation" counter-claim against Plaintiff, shows that the allegedly defamatory statements at issue in this case were done in writing, in the form of e-mails. Therefore, Larson's counterclaim is one based in libel. Under Pennsylvania law, "a plaintiff alleging libel 'need not prove special damages or harm in order to recover; he may recover for any injury done his reputation and for any other injury of which the libel is the legal cause.' Dougherty v. Boyertown Times, 377 Pa.Super. 462, 547 A.2d 778, 782 (1988) (quoting Agriss v. Roadway Exp., Inc., 334 Pa.Super. 295, 483 A.2d 456, 474 (1984)). See also Joseph v. Scranton Times L.P., 959 A.2d 322, 344 n. 23 (Pa. Super. 2008) ("Pennsylvania has adopted the rule of Restatement (Second) of Torts, § 569 (1977), that all libels are actionable without proof of special harm."). Accordingly, because Defendant Larson's defamation counterclaim against Thornton is one based in

3

libel, he need not show special harm resulting from the defamation. Rather, he only needs to show "actual harm," which may include "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." Agriss, 483 A.2d at 467. To the extent the motion to compel is based on the theory that Larson must prove special harm and has put his income at issue, Plaintiff's motion to compel is denied.

Thornton also states in his motion: "Steve Larson's Counterclaim also aver[s] at Paragraphs 19 and 20 that Plaintiff defamed his character when he allegedly published that Steve Larson used money from the formation of STNA to pay down certain of his personal debt" and "Steve Larson's income tax return will provide dispositive evidence that these statements were true." Motion, ¶¶ 21-22. His supporting brief does not contain any analysis in support of these contentions.

In response, Defendant Larson states:

> The tax return form does not request any information which would reveal either the source of funds to pay debts or the fact that debts have been paid. Except to the extent that a taxpayer has the option of deducting certain interest payments, a tax return would not provide any of the detail regarding the recipient of a loan payment or the source of the payment funds. As such, there is no substance to the Plaintiff's theory of relevance.
>
> Additionally, *the* source of accurate information regarding the use of STNA funds would be found in the financial records of STNA, not in Larson's personal records. In fact, Plaintiff supposedly uncovered the alleged improper use of STNA funds as the result of some type of audit or review of STNA funds. See Second Amended Complaint, ¶¶ 34-37; Larson Counterclaim, ¶ 19, Exhibit 5. Therefore, if Plaintiff is truly interested in this information, certainly there is another, and better, source.

Id. at p. 9.

This part of Thornton's motion concerns an e-mail allegedly sent by Thornton to an employee of Scan Top Enterprises dated April 23, 2009, wherein Plaintiff wrote: "Since the forming of STNA it looks as if Steve used the money from the formation of STNA to pay off personal debts (former partners, and current partners). CAP hasn't been paid nor has any other major creditor." Defendant Stephen Larson's Answer and Counter-Claim to Plaintiff's 2nd Second Amended Complaint, ¶ 19.

In Hyman Companies, Inc. v. Brozost, 1997 WL 535180 (E.D. Pa.), the district court explained:

> The general public policy favoring liberal discovery . . . must be balanced with the public policy favoring non-disclosure of tax returns as confidential communications between the taxpayer and the government. In balancing these policies, courts have applied a two-part test. First, the party seeking discovery must demonstrate relevance, Second, if relevant, the returns will be discoverable unless the party resisting discovery meets the burden of proving that there is no compelling need for the returns because an alternative source for the information exists.

Id. at *3.

Thornton has not provided any analysis in support of his contention that "Steve Larson's income tax return will provide dispositive evidence that these statements [that Larson used money from the formation of STNA to pay down certain of his personal debt] were true." Motion, ¶22. As such, he has not established how information contained in Defendant Larson's tax returns will provide dispositive evidence that Thornton's alleged statements that Larson used money from the formation of STNA to pay down certain of his personal debt were true. As such, Defendant's Motion to Compel based upon this argument is denied.

## ORDER

AND NOW, this __15th__ day of November, 2010, it is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff/Counter Defendant Lance Thornton's "Motion to Compel" [Doc. #81] is DENIED.

It is further ORDERED, ADJUDGED, AND DECREED that Plaintiff's "Motion to Schedule Oral Argument" [Doc. #85] is DENIED.

_/s/ Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge