IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, ) | |
| ) | |
| Plaintiff/Counter Defendant ) | |
| ) | |
| vs. ) | Case No. 09-287E |
| ) | |
| UL ENTERPRISES, LLC, STNA, INC., ) | |
| and STEVE LARSON, ) | |
| ) | |
| Defendants/Counter Claimants ) | |
| ) | |

## OPINION

Pending before the Court is Plaintiff's "Motion for Protective Order" [ECF #91]. This Motion has been filed as a result of Defendants having served upon Plaintiff a "Notice to Take Deposition Duces Tecum" in which they request that Plaintiff tender all documents related to any settlement or separation agreement with the company JAMAK. In the Motion, Plaintiff asks the Court to grant him a protective order: (1) "prohibiting the Defendants from inquiring into any terms of his separation/settlement agreement [the "Agreement"] with JAMAK and further prohibiting the Defendants from requesting the production of such agreement or any documents collateral thereto" and (2) that "prohibit[s] the Defendants from inquiring into the terms of the Plaintiff's employment with JAMAK." Motion for Protective Order, ¶¶ 7-8.

The bases for the Motion are that "Plaintiff is under a confidentiality agreement with JAMAK which prohibits the disclosure of its terms," and "the terms of the JAMAK agreement and any and all communication with that company related to the Plaintiff's employment there is irrelevant to these proceedings and not likely to lead to the discovery of relevant matters and thus is not within the scope of proper discovery." Id. at ¶¶ 4-5.

Initially, the fact that Plaintiff and JAMAK agreed to keep the terms of their private Agreement confidential does not preclude Defendants from being able to obtain the document from Plaintiff so long as the Separation Agreement would otherwise be discoverable. See Niester v. Moore, 2009 WL 2179356, * (E.D. Pa. 2009) ("Even a formalized private agreement to keep materials confidential does not prevent the discovery of those materials"); Zoom Imaging, L.P. v. St. Luke's Hosp. and Health Network, 513 F.Supp.2d 411, 417 (E.D. Pa. 2007) (same). Therefore, our inquiry turns next to whether or not the information sought by Defendants is relevant.

With respect to the relevancy of the information sought, Defendants first contend that the information is relevant because they believe Plaintiff gave untruthful testimony with regard to his employment with JAMAK such that "evidence relating to Plaintiff's separation from JAMAK is relevant to the issue of Plaintiff's credibility." Response of Defendants in Opposition to Plaintiff's Motion for Protective Order, p. 3. Second, Defendants argue that Plaintiff's relationship with JAMAK is relevant to STNA's counterclaim arising from Plaintiff's conversion of STNA funds because after he failed to disburse funds properly "to calm STNA's growing concerns about his honesty, Plaintiff explained to STNA that his good character previously had withstood the pressures exerted by JAMAK to have him give false testimony." Id. Contrary to the Defendants' argument, we find that the information sought by Defendants is not relevant to STNA's counterclaim against Plaintiff. Further, having reviewed *in camera* the Settlement Agreement at issue, we find that the Settlement Agreement does not contain any information that could be relevant to the issue of Plaintiff's credibility. Finally, we find that Defendants' generalized belief that Plaintiff gave untruthful testimony with regard to his

2

employment with JAMAK is not enough to require Plaintiff to answer questions with respect to his separation from JAMAK.

Plaintiff's Motion for Protective Order shall be granted. An appropriate Order follows.

March 1, 2011

/s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior District Court Judge