IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LANCE THORNTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Civ. 09-287E |
| vs. | ) |  |
|  | ) |  |
| UL ENTERPRISES, LLC, STNA, INC. | ) |  |
| and STEVE LARSON, | ) |  |
|  | ) |  |
| Defendants | ) |  |
|  | ) |  |

## OPINION

Pending before the Court is Plaintiff/Counter-Defendant Lance Thornton's "Motion to Compel Discovery Responses" [ECF #99]. In this motion, Thornton explains that during the deposition of Defendant/Counter-Claimant Steve Larson ("Mr. Larson"), Mr. Larson's counsel instructed Mr. Larson not to answer certain questions which Plaintiff opines Mr. Larson should have answered. Mr. Larson was the President of Defendant/Counter-Claimant STNA during the time period relevant to Plaintiff's claims against the Defendants. As relief for these alleged violations, Plaintiff seeks: (1) a court Order requiring Mr. Larson to attend a deposition wherein he shall answer Plaintiff's questions, together with all follow-up questions, which Defendants' counsel directed the deposed not to answer in the first deposition; (2) costs and legal fees related to conducting the additional deposition; (3) expenses and attorneys' fees related to the filing of the motion to compel; and (4) costs and legal fees related to the prior deposition. Id. at ¶ 24. For the reasons set forth below, Plaintiff/Counter-Defendant Lance Thornton's Motion to Compel is granted in part and denied in part.

# I. Whether Mr. Larson should have answered the questions posed to him as President of STNA?

During the course of the deposition the following questions were asked of Mr. Larson by Plaintiff's counsel and not answered by Mr. Larson upon instruction from his counsel not to answer "to the extent you're asking him to speak on behalf of STNA": (1) "And you approved all the answers in this document [Exhibit 3]; is that correct sir?;" (2) "As President of STNA, you approved all of the answers that were contained in this document, Exhibit 3, before it was filed on April 26th, 2010; is that correct, sir?;" (3) "Do you have the authority as the president of STNA to speak for STNA today?;" and (4) "In your corporate capacity as president of STNA, did you review and approve the material that is in Exhibit 4?" Larson's deposition, pp. 13-16.

The deposition notice at issue is titled "Amended Notice of Deposition of Steve Larson" and states only in relevant part that "NOTICE is hereby given that the deposition upon oral examination of Steve Larson, has been rescheduled and will be taken, pursuant to Fed.R.Civ.P. 30...." The Notice does not designate whether Mr. Larson is to testify in his individual capacity and/or on behalf of STNA.

This issue personifies the type of petty posturing that this Court does not appreciate. Nevertheless, the issue has been placed before the Court and we will address it. We find that the Amended Notice did not provide Mr. Larson with sufficient notice that he was to be deposed both in his capacity as President of STNA and in his individual capacity. Defense counsel did not err when he instructed Mr. Larson not to answer the above-listed questions. See Sears v. American Entertainment Group, Inc., 1995 WL 66411, *1 (N.D. Ill.) (where plaintiffs sought to depose four officers of defendant corporation, but in notices of deposition they did not designate

whether the deponents were to testify on behalf of the corporation or in their individual capacities, court held that the notices were defective under Fed.R.Civ.P. 30(b)(1)); Operative Plasterers' & Cement Masons' International Association of the United States and Canada AFL-CIO, 144 F.R.D. 87, 90 (N.D. Ill. 1992) ("[defendant] could have named particular officers to testify on behalf of the [union plaintiff], and he could have done so without being required to specify the subject matter of his proposed examination, by simply noticing the depositions under Rule 30(b)(1), and by indicating that the persons named would be expected to testify on behalf of the [union]. That would have been the customary practice prior to the adoption of Rule 30(b)(6), and it remains an available alternative for a party who is aware of a particular individual possessing the authority to testify on behalf of an organization on a desired subject.") (citations omitted). Plaintiff's Motion to Compel is denied with respect to the questions attempted to be posed to Mr. Larson as the President of STNA.

**II. Whether Mr. Larson should have answered questions about the current business activities, operations, and employees of STNA?**

During the course of the deposition the following questions were asked of Mr. Larson by Plaintiff's counsel: (1) "Do you still distribute Durablade?;" (2) "And it's [the NASCAR License] exclusive through 2014. Is that still the case?;" and (3) "[D]oes she [Carol Hammond] still work for STNA?". Mr. Larson's deposition, pp. 26, 46, and 73. Mr. Larson did not answer the questions. With respect to the Durablade question, defense counsel stated: "Objection. We're not going to talk about current business activities" and Plaintiff's counsel said "ok." Id. at 26. With respect to the Nascar question, defense counsel stated: "Objection. We're not going to get into current operations of the company" and Plaintiff's counsel said "Okay. Well, let's do this."

3

Id. at 46. With respect to the question about Carol Hammond, defense counsel stated: "Objection. We're not going to talk about the current employees of STNA" and Plaintiff's counsel continued on to ask "Where does Carol live, Kansas or Missouri?" Id. at 73.

With respect to these questions, Plaintiff contends that these questions should have been answered by Mr. Larson because "they will provide support to the Plaintiff's valuation of STNA incident to Plaintiff proving damages," the "answers to those questions will provide support to the Plaintiff's underlying claims that STNA, through Steve Larson, promised to provide the Plaintiff ownership in STNA, which is the heart of the Plaintiff's cause of action," and the "answers to these questions reveal that Defendants' counterclaims are without merit." Plaintiff's Motion to Compel, ¶¶ 6-8. Moreover, Plaintiff also argues that Mr. Larson's refusal to answer these questions violated Fed.R.Civ.P. 30 because "[n]one of the questions at issue here inquired into privileged matters or were covered by a protective order." Id. at ¶¶ 11-13.

The Defendants respond that "the subjects of which Plaintiff seeks to inquire . . . are not reasonably calculated to lead to the discovery of admissible evidence, as they do not pertain to the claims contained in the Plaintiff's Second Amended Complaint. STNA's current business practices, products and employees are proprietary matters constituting trade secrets that have nothing whatever to do with Plaintiff's claims to back pay while employed with STNA prior to November 16, 2009 and 25% of the value of Steve Larson's stock ownership in STNA as of February 1, 2009. Because Plaintiff currently owns and operates a business which competes directly with STNA, the Defendants should not be compelled to provide such irrelevant, but proprietary information." Defendants' Joint Response, p. 6. Defendants further contend that "in an attempt to avert unnecessary motion practice, [they] did answer the four (4) deposition

4

questions that were the subject of the objections here at issue." Id. at p. 7.

In general, objections may be made at the time of examination to any aspect of the deposition and must be noted on the record, but the examination still proceeds. Fed.R.Civ.P. 30(c)(2). A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30 (d)(3) (motion to terminate or limit deposition). Id. More specifically, with respect to trade secrets, as explained by the court in Martin Marietta Corp. v. Fuller Co., 1986 WL 10527, *6 (E.D. Pa.):

> "... Rule 30(c) should not mandate disclosure of trade secrets or privileged information merely because such information is sought through a question asked on deposition....; Strict application of the rule in these contexts would undermine the values traditionally thereby protected. In some cases, then, the mere fact of revelation of some types of information ... is sufficiently onerous to justify an exception to the policies of Rule 30(c). Recognizing this, however, the bounds of these exceptional situations must be structured so as not to emasculate the rule. Therefore, the touchstone for determining the existence of such an exception to Rule 30(c) should be the potential harm from disclosure, Cf. Preyer v. United States Lines, Inc., 64 F.R.D. 430-431 (E.D.Pa.1973) (indicating Rule might not be applicable where refusal to answer is based upon claim of privilege); *in the absence of a showing of some serious harm likely to result from responding to any given question, the policies beyond Rule 30(c) require the answer to be given.*" (Emphasis supplied) (Footnote omitted).

Id. at *6 (quoting International Union of Electrical, Radio and Machine Workers, AFL-CIO, et al v. Westinghouse Electric Corp., 91 F.R.D. 277 (D.D.C.1981)).

Applying this law to the facts of our case, even if Defendants are correct that "the subjects of which Plaintiff seeks to inquire... are not reasonably calculated to lead to the discovery of admissible evidence, as they do not pertain to the claims contained in the Plaintiff's Second Amended Complaint," Mr. Larson still should have answered the questions unless the

answers would reveal a trade secret. Turning to that inquiry, we find that the information requested by the Plaintiff, whether STNA still distributed Durablade, if STNA still has an exclusive license with NASCAR through 2014, and if Carol Hammond still works for STNA, do not constitute trade secrets. Therefore, Mr. Larson should have answered the questions and Plaintiff's Motion to Compel will be granted with respect to these questions.

Moreover, while Defendants argue that these questions are not likely to lead to the discovery of admissible evidence, and therefore, Plaintiff should not be permitted to depose Mr. Larson a second time about this information, see Defendants' Joint Surreply to Plaintiff's Motion to Compel Discovery Responses, pp. 5-6, we find that the answers to the first two questions could lead to the discovery of admissible evidence concerning the value of STNA for the relevant time period. Further, with respect to whether Carol Hammond still works for STNA, neither party explains in their position papers who she is. Given her status as a former (or present) employee of STNA, we find that the answer to the question about the status of her employment with STNA also could lead to the discovery of admissible evidence relevant to Plaintiff's claims against Defendants. Thus, we find that Plaintiff is permitted to depose Mr. Larson a second time with respect to the three questions and related follow-up questions.

### III. Relief to which Plaintiff is entitled?

If a party's motion to compel disclosures or to cooperate in discovery is granted, Rule 37(a)(5)(A) requires that,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

6

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A).

Here, Fed.R.Civ.P. 37(a)(5)(A)(ii) is applicable to the extent that the Defendants were substantially justified in objecting to Plaintiff's Motion to Compel Mr. Larson to answer questions on behalf of STNA. Therefore, we shall order Defendants to pay half of the Plaintiff's reasonable expenses in making the motion, including attorney's fees. That said, while Plaintiff submitted a general statement indicating that the expenses incurred in making this motion, including attorney's fees, was $2500, his documentation in support of this figure is insufficient. Plaintiff shall submit an itemized statement within 2 weeks of the date of this Opinion and its accompanying Order that sets out in detail the specific amount of time spent with respect to each task undertaken in preparing the motion to compel, and the attorney's fees incurred with respect to each task. To the extent Plaintiff's seeks reimbursement for the cost of the first deposition, said request is denied.

We also find that Plaintiff is entitled to the reasonable costs associated with the follow-up deposition shall be assessed against the Defendants. Plaintiff shall submit an itemized statement within 2 weeks after the date of rescheduled deposition that sets forth the reasonable costs incurred by Plaintiff as a result of having to repose Mr. Larson.[1]

---

[1] The parties are *strongly* encouraged to work together to find a way to minimize the costs of deposing Mr. Larson

An appropriate Order will follow.

April _14_, 2011

*Maurice B. Cohill, Jr.* (signature)
Maurice B. Cohill, Jr.
Senior District Court Judge

---

for this limited purpose. For example, if Mr. Larson is to be deposed in his capacity as the President of STNA during the relevant time period, the three questions and related follow-up questions should be asked of him at that time.